UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PROTECTIVE LIFE INSURANCE CO.,**

    **Plaintiff,**

v.                                                        Case No.: 8:09-CV-363-T-EAJ

**SHARON ANN WALKER, BARTON
JEFFREY WALKER, BRIAN TODD
WALKER, and MARINA ECKERT,**

    **Defendants.**
_____/

## ORDER

    Before the court is Defendant/Cross-Plaintiff Sharon Ann Walker's **Certified Motion for Taxation of Reasonable Attorney's Fees and Costs** (Dkt. 58) and **related filings** (Dkts. 59, 60), Defendant/Cross-Defendant Marina Eckert's **Response in Opposition** (Dkt. 62), and Sharon Ann Walker's **Reply** (Dkt. 65). Cross-Defendants Barton Jeffrey Walker and Brian Todd Walker did not respond to the motion for attorney's fees; they are deemed to have no objection to the relief requested. See Local Rule 3.01(b), M.D. Fla.

    This court granted summary judgment in favor of Sharon Ann Walker and against Cross-Defendants Marina Eckert ("Eckert"), Barton Jeffrey Walker, and Brian Todd Walker (collectively "Cross-Defendants") on January 7, 2010. The court held that Sharon Ann Walker is the sole beneficiary of the insurance policy issued by Plaintiff Protective Life Insurance Company ("Protective Life") on the life of Barton T. Walker in the amount of $200,000 (Dkt. 55 at 5). Judgment was entered in Sharon Ann Walker's favor the next day and the funds from the court's registry have been disbursed to her (Dkts. 56, 66).

    Sharon Ann Walker filed a timely motion for attorney's fees and costs against Cross-

Defendants pursuant to Fla. Stat. § 768.79, Florida's offer of judgment statute ("§ 768.79"). She seeks $8,732.64 in attorney's fees and $1,545.59 in costs incurred subsequent to September 18, 2009, the date she served her offer of judgment on Cross-Defendants (Dkt. 59). Eckert opposes the request, alleging that she accepted Sharon Ann Walker's offer of judgment in an e-mail correspondence. She argues that "[s]he wanted to accept the settlement, although the other two co-defendants did not want to accept their portion of the settlement" (Dkt. 62 at 2).

Section 768.79 states:

> If a plaintiff files a demand for judgment which is not accepted by the defendant within 30 days and the plaintiff recovers a judgment in an amount at least 25 percent greater than the offer, she or he shall be entitled to recover reasonable costs and attorney's fees incurred from the date of the filing of the demand.

Fla. Stat. § 768.79(1).[1] This statute "creates a mandatory right to attorney's fees when the statutory prerequisites have been fulfilled: i.e., (1) when a party has served a demand or offer for judgment, and (2) that party has recovered a judgment at least 25 percent more or less than the demand or offer." James v. Wash Depot Holdings, Inc., 489 F. Supp. 2d 1336, 1340 (S.D. Fla. 2007) (citations and internal quotation marks omitted). The court has little discretion to deny attorney's fees after these criteria are met. See McMahan v. Toto, 311 F.3d 1077, 1083 (11th Cir. 2002).

Here, Sharon Ann Walker recovered more than twenty-five percent of her demand to each Cross-Defendant, as § 768.79 requires. She served a written Offer of Judgment/Proposal for Settlement on the Cross-Defendants, offering to settle her claims against Eckert for $10,710.07, against Barton Jeffrey Walker for $21,420.14, and against Brian Todd Walker for $10,710.07 (Dkt.

---

[1] Section 768.79 is substantive law for Erie purposes. See, e.g., Jones v. United Space Alliance, LLC, 494 F.3d 1306, 1309 (11th Cir. 2007); McMahon v. Toto, 311 F.3d 1077, 1081 (11th Cir. 2002).

59). The court ultimately entered judgment in Sharon Ann Walker's favor for $214,354.32, the entire amount on deposit with the court plus interest. Consequently, Eckert received nothing when she would have received $10,710.07 had she accepted the offer. The other Cross-Defendants likewise received none of the policy's proceeds.

Eckert's argument that she accepted Sharon Ann Walker's offer is without merit. Section 768.79(4) states: "An offer shall be accepted by filing a written acceptance with the court within 30 days after service. Upon filing of both the offer and acceptance, the court has full jurisdiction to enforce the settlement agreement." Eckert did not file an acceptance with the court. Eckert's counsel sent Sharon Ann Walker an e-mail on October 19, 2009 stating: "Please call me to discuss a resolution for my client, Marina Eckert, separate from her sons, as I understand they don't want to settle." (Dkt. 62, Ex. A). There were apparently no further communications between the parties regarding the offer of judgment. Although Eckert's counsel's e-mail reveals a willingness to discuss settlement , it is not an acceptance.

As Sharon Ann Walker's offer otherwise complies with § 768.79, she is entitled to attorney's fees and costs incurred after September 18, 2009, the date she served her offer of judgment. See Fla. Stat. § 768.79(2) (requiring an offer to be in writing, to name the party making it and the party to whom it is being made, and to state the total amount, among other things); Fla. R. Civ. P. 1.442(c)(3) (requiring a joint proposal of settlement to "state the amount and terms applicable to each party"). Her offer listed the Cross-Defendants separately and the amounts applicable to each.

In determining a reasonable fee under the offer of judgment statute, Florida courts employ traditional lodestar methodology. See Sarkis v. Allstate Ins. Co., 863 So. 2d 210, 214 (Fla. 2003).

3

To determine the lodestar, the reasonable hourly rate is multiplied by the amount of hours reasonably expended on the litigation. Fla. Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1150-51 (Fla. 1985) (citation omitted). In this case, however, Cross-Defendants do not assert an objection to the amount Sharon Ann Walker requests and the court finds the amount reasonable under the circumstances.[2]

Accordingly, the court **ORDERS**:

(1) Sharon Ann Walker's **Certified Motion for Taxation of Reasonable Attorney's Fees and Costs** (Dkt. 58) is **GRANTED**;

(2) Cross-Defendants are jointly and severally liable to Sharon Ann Walker for $8,732.64 in attorney's fees and $1,545.59 in costs;

(3) Cross-Defendants shall pay this amount within thirty days of this order and shall notify the court upon compliance; and

(4) The Clerk is directed to enter judgment in Sharon Ann Walker's favor consistent with this order.

**DONE** and **ORDERED** in Tampa, Florida on this 14th day of May, 2009.

ELIZABETH A JENKINS
United States Magistrate Judge

---

[2] Sharon Ann Walker's counsel certified the request for fees and attests to reviewing his firm's invoices prior to drafting the motion (Dkt. 58 at 2).